UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BURVIN STEVENSON,                    )
                                     )
                Plaintiff,           )          Case No. 1:05-cv-370
                                     )
v.                                   )          Honorable Richard Alan Enslen
                                     )
MICHIGAN PAROLE BOARD, *et al.*,     )
                                     )
                Defendants.          )
_____)

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"),

the Court is required to dismiss any prisoner action brought under federal law if the complaint is

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief

from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro

se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504

U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure

to state a claim.

### Discussion

I.      Factual allegations

Plaintiff currently is incarcerated in the Florence Crane Correctional Facility. He was

convicted in the Ottawa County Circuit Court of assault with intent to commit murder and

possession of a firearm during the commission of a felony for which he was sentenced on May 10,

Dockets.Justia.com

Case 1:05-cv-00370-RAE-ESC     Document 2     Filed 06/09/2005     Page 2 of 7

2001, to prison terms of 19 months to thirty years and two years, respectively. In his *pro se* complaint, Plaintiff claims that he was denied parole in violation of his due process rights. He sues the Michigan Parole Board and parole board members John S. Rubitschun, George Lellis and Charles E. Braddock.

On December 6, 2004, the parole board denied Plaintiff's parole for the third time, stating that it "lacks reasonable assurances that the prisoner will not become a menace to society or to the public safety . . . ." (*See* 12/6/04 Parole Bd. Notice of Decision, Ex. 1.) The parole board further noted the assaultive nature of the crime, Petitioner's criminal history and his failure to complete past community placement.

Plaintiff raises three claims concerning the denial of his parole, as follows:

I.     DEFENDANT FAILED TO PROPERLY SCORE THE PAROLE GUIDELINES AT TWO AREAS DENOTED ON THE PAROLE GUIDELINE SCORE SHEET RESULTING IN A DELIBERATE FAILURE TO ADHERE TO THE STATUTORY PROVISIONS AND ADMINISTRATIVE RULES GOVERNING THE PAROLE GUIDELINES RESULTING IN A DENIAL OF PLAINTIFF'S MINIMAL DUE PROCESS PROTECTIONS IN THE PAROLE CONSIDERATION PROCEDURES.

II.    DEFENDANTS FAILED TO DISCUSS ALL THE ISSUS OUTLINED FOR DISCUSSION ON THE NOTICE OF INTENT TO CONDUCT A PAROLE INTERVIEW AS MANDATED BY STATUTORY PROVISIONS.

III.   PLAINTIFF[1] FAILED TO PROVIDE A WRITTEN EXPLANATION AS TO WHY PAROLE WAS DENIED CONTRARY TO STATUTORY MANDATE AND INSTEAD PROVIDED BOILERPLATE PHRASES THAT WORK TO BE CATCH-ALL TERMS IN SUPPORT OF THEIR DECISION DENYING PAROLE.

---

[1]The reference is probably intended to refer to Defendants.

- 2 -

For relief, Plaintiff seeks an order directing Defendants to conduct a new parole interview that comports with federal due process protections and state statutory requirements.[2]

II.     Immunity

The Michigan Parole Board is part of the Michigan Department of Corrections. MICH. COMP. LAWS § 791.231a(1). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, the Michigan Parole Board, as part of the Department of Corrections, is immune from injunctive and monetary relief. *See Fleming v. Martin*, No. 01-1422, 2001 WL 1176354 (6th Cir. Sept. 26, 2001) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Carson v. Parole Bd.*, No. 88-1277, 1988 WL 79688 (6th Cir. July 27, 1988) (same). Accordingly, Plaintiff's action against the Parole Board is subject to dismissal on immunity grounds. As discussed below, Plaintiff's action against the Parole Board and the remaining Defendants also fails to state a claim.

---

[2] In *Dotson v. Wilkinson*, 125 S. Ct. 1242, 1248 (2005), the Supreme Court held "that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original). Plaintiff does not seek release from prison; rather, he requests a new parole hearing. Assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth below.

III.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his due process rights when they improperly scored the parole guidelines. He further claims that Defendants failed to discuss all of the issues set forth in the notice of intent to conduct a parole interview and failed to provide an adequate written explanation of why his parole was denied in violation of MICH. COMP. LAWS §§ 791.235(4), (12). In order to establish a violation of his due process rights, Plaintiff must possess a liberty interest in parole. Liberty interests may arise from the Constitution itself or from the provisions of state law. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983). A prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence. *Greenholz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The state is therefore free to institute parole systems, but it has no duty to do so. *Id.*; *see Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968). A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of the Parole

- 4 -

Board.  *See Board of Pardons v. Allen*, 482 U.S. 369, 373-75 (1987).  In the absence of a state-created liberty interest, the Parole Board can deny release on parole for any reason or no reason at all, and the Due Process Clause has no application.  *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 236 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole.  Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole.  *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. Mar. 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).  Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole.  *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991);

*Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake. Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

As set forth above, Plaintiff also asserts that Defendants violated various state statutory provisions in the parole proceedings. A state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *See Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). Section 1983 is addressed to remedying violations of federal law, not state law. To the extent that Plaintiff's complaint presents allegations under state law, this court declines to exercise jurisdiction under 28 U.S.C. § 1367(c)(3). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. § 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

       /s/ Richard Alan Enslen

DATED in Kalamazoo, MI:      RICHARD ALAN ENSLEN
    June 9, 2005         UNITED STATES DISTRICT JUDGE