UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| BURVIN STEVENSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-370 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| MICHIGAN PAROLE BOARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On June 9, 2005, the Court entered an Opinion and Judgment dismissing Plaintiff's action for failure to state a claim. Plaintiff now brings a motion for reconsideration pursuant to L.Civ.R. 7.4(a). Under L.Civ.R. 7.4(a), the movant must demonstrate both "a palpable defect by which the Court and the parties have been mislead" and "that a different disposition of the case must result from a correction thereof."

Plaintiff contends that this Court's determination in this case is contrary to the Supreme Court's recent decision in *Dotson v. Wilkinson*, 125 S. Ct. 1242 (2005). In *Dotson*, the Supreme Court affirmed the holding of the Sixth Circuit that a challenge to parole procedures was cognizable in a § 1983 claim and was not barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been

"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). *Wilkinson* did not in any way alter existing law on the issue of whether a state prisoner has a due process interest in parole. Instead, as previously noted, the Court merely determined that claims challenging parole procedures rather than results were not barred by *Heck*, 512 U.S. at 486-87, and were cognizable in § 1983 proceedings. *Wilkinson*, 125 S. Ct. at 1248. This Court, in dismissing Plaintiff's action, did not rely on *Heck* or its progeny. Instead, the Court properly found that Michigan law did not create a liberty interest protected by the Due Process Clause. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). That holding remains correctly decided. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 4) is **DENIED**.

DATED in Kalamazoo, MI:
August 24, 2005

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE